2009 VT 7

**STATE of Vermont v. David GILBERT**

[969 A.2d 125]

No. 08-178

¶ 1. January 15, 2009. Defendant David Gilbert appeals from the Chittenden District Court's April 1, 2008 order revoking his probation and imposing the sentences for his underlying offenses. We affirm.

¶ 2. On May 23, 2005, defendant pled guilty to one count of sexually assaulting a person under the age of sixteen, and one count of contributing to the delinquency of a minor. These charges arose out of an incident in which defendant allegedly purchased alcohol and cigarettes for a minor, attended an underage party with other minors at which there was drinking and drug use, and then engaged in sexual intercourse with a fourteen-year-old girl at the party. At the time, defendant was approximately fifty years old. On August 19, 2005, defendant was sentenced to one-to-five years in prison, all suspended except for six months, and probation, on the sexual-assault conviction. Defendant received a concurrent sentence of one-to-two years, also suspended except for six months, and probation, on the conviction for contributing to the delinquency of a minor.

¶ 3. In February 2006, after serving the six-month prison sentence, defendant was released on probation. In response to a probation-violation complaint, defendant admitted, in November 2006, to having violated two conditions of his probation. He was subsequently resentenced to one-to-five years, all suspended except for nine months, with credit for time served, and probation under the same conditions, on the sexual-assault conviction. Defendant served an additional ninety days in prison, and was released on probation as before.

¶ 4. In January 2008, defendant's probation officer filed a complaint alleging that defendant violated two conditions of his probation. The officer alleged that defendant violated condition M, prohibiting "[v]iolent or threatening behavior," and condition 36, which required defendant to abide by a curfew if so directed by the officer. The officer alleged that defendant had made several verbal threats to his landlord, and had repeatedly broken the 10:00 p.m. to 6:00 a.m. curfew she imposed in November 2007.

¶ 5. On April 1, 2008, after a merits hearing, the district court found that de-

fendant had violated condition M by verbally threatening his landlord. According to the court, defendant threatened, among other things, "to pound his [landlord's] head into his ass or have his New York relatives do it for him." In addition, the district court found that defendant violated his curfew multiple times per week. All of the district court's findings were supported by the landlord's testimony. On the basis of these probation violations, the district court revoked defendant's probation and imposed the sentences on his underlying convictions with credit for time served. This appeal followed.

¶ 6. On appeal, defendant argues that utterances without accompanying conduct do not constitute threatening behavior, that there was no evidence of any conduct component to defendant's threats, and that the State therefore failed to allege a violation of probation condition M. Defendant further contends that his curfew violations were de minimis and do not alone support revocation under 28 V.S.A. § 303(b).

¶ 7. We need not reach the merits of either claim. As defendant conceded at oral argument, he did not preserve his argument that verbal threats do not constitute threatening behavior within the meaning of condition M. Such being the case, defendant is entitled, at best, to plain error review. See *State v. Decoteau*, 2007 VT 94, ¶ 11, 182 Vt. 433, 940 A.2d 661 (reasoning that plain error review of unpreserved issues in the probation-revocation context is sometimes appropriate, depending on the nature of the claims). However, as we recently stated in *State v. Butson*, we will not reverse for plain error unless the error is, among other things, "obvious." 2008 VT 134, ¶ 15, 185 Vt. 189, 969 A.2d 89. The question of whether verbal threats constitute threatening behavior in the context of probation conditions has yet to be decided by this Court. Therefore, defendant cannot show that

any error of law the trial court may have made was obvious. *Id.* ¶¶ 16-18 (errors of law in unsettled areas of law are not obvious, and therefore not plain). Accordingly, we need not reach defendant's claim that the curfew violations alone, which he does not contest, did not support the revocation of his probation.

*Affirmed.*