MAR 2 6 2012
VERMONT



STATE OF VERMONT
SUPERIOR COURT - ENVIRONMENTAL DIVISION

In Re Brandon Plaza Conditional {
Use Permit {

{

{

Docket No. 128-8-10 Vtec

## Decision in On-the-Record Appeal

In this on-the-record proceeding, a group of fourteen individuals ("Group Appellants") appeal a decision by the Town of Brandon Development Review Board ("the DRB") granting a conditional use permit to Brandon Plaza Associates, LLC ("Applicant") for the construction of a commercial retail development in the Town of Brandon, Vermont involving a supermarket, parking lot, and related utilities. Applicant cross-appeals, questioning the DRB's imposition of conditions in the permit that require Applicant to reduce the size and scale of its proposed development. The Town of Brandon ("the Town") appears as an interested person in this appeal.

Currently before the Court are principal and reply legal briefs from both Group Appellants and Applicant. The Town has not submitted a brief. In issuing this Decision on the merits of this on-the-record appeal from the DRB's decision, the Court has taken into account the briefs submitted by the parties, the DRB's decision of July 6, 2010 granting a conditional use permit to Applicant, and the record from the proceeding below, as described in V.R.E.C.P. 5(h)(1)(A). The contents of this record have been agreed upon by all three of the parties involved in this appeal and further clarified by the Court in our August 5, 2011 "Decision and Order On Pending Motions."

In this on-the-record appeal, Group Appellants are represented by James A. Dumont, Esq. and include James Leary, Kevin Thorton, Judy Bunde, Hanford Davis, Jeffrey Faber, Maurice Racine, Philip Keyes, Beth Rand, Helyn Anderson, Andrew Clive, Linda Stewart, Jeff Stewart, Jon Andrews, and Patt Cavanagh. Applicant is represented by Edward V. Schweibert, Esq. and co-counsel David R. Cooper, Esq. The Town is represented by James F. Carroll, Esq.

## Background

On August 29, 2009, Applicant submitted an application to the DRB for a conditional use permit to construct a commercial retail development in the Town of Brandon, Vermont on four parcels: 21 Nickerson Road and 723, 763, and 795 Franklin Street. Applicant proposes to first

demolish two existing houses and the buildings associated with them as well as existing buildings that were previously used for a tire business. Applicant proposes to develop, on the four parcels, a 53,000-square-foot shopping center that will include the following: a 36,000-square-foot supermarket, 12,000 square feet of in-line small stores, a 5,000-square-foot out-building, an approximately 295-space paved parking lot, and related utilities. Two access points are proposed for the development: a full access point off of Route 7 and a limited access point off of Nickerson Road.

The DRB held nine days of public hearing on the Applicant's permit application, the first on September 23, 2009 and the final on May 26, 2010, upon the conclusion of which the DRB closed the hearing. The DRB also participated in a site visit on April 28, 2010, the same day as the second to last day of the hearing. The DRB determined that the four parcels Applicant's proposed development spans are almost entirely within the High Density Multi-Use District and that the proposed development is a "Commercial II" use, a named conditional use in the district.

On July 6, 2010, the DRB issued a decision granting a conditional use permit to Applicant but apparently conditioning its approval for the project on, among other conditions, the elimination of the in-line small stores and the out-building as well as on a reduction in the parking lot to 150 spaces and elimination of the Nickerson Road access point. Both Group Appellants and Applicant timely appealed the DRB's decision to this Court.

## Discussion

Our review of the DRB's decision is limited to addressing the questions raised by the two appealing parties in their Statement of Questions. See V.R.E.C.P. 5(f). For ease of analysis, Group Appellants' Statement of Questions can be paraphrased, grouped, and renumbered as asking whether the DRB erred by taking the following actions:

1) failing to meet the requirements in the Municipal Administrative Procedures Act that are codified at 24 V.S.A. § 1204, § 1206, and § 1209;

2) granting a conditional use permit without making adequate findings of fact or conclusions of law specific to the requirements for conditional use approval found in both 24 V.S.A. § 4414 and the Brandon Land Use Ordinance ("Ordinance"), in particular the requirements of Ordinance § 207, § 608, and § 1012(b)(2), (3), (4), or in reaching findings and conclusions regarding these requirements without substantial evidence;

2

3) granting a conditional use permit without making adequate findings of fact or conclusions of law, or reaching such findings and conclusions without substantial evidence, specific to the requirements of Ordinance § 103, § 302, and § 303;

4) granting a conditional use permit for a project reduced in size and scale from that proposed with no evidence about the traffic impacts from such a project;

5) approving a "different version" of the project from what Applicant proposed;

6) relying upon "hearsay information from non-testifying employees of Hannaford Brothers" about grocery store operations and refusing to issue an order requiring the employees to testify;

7) relying upon evidence based on the operation of Hannaford Brothers grocery stores but not restricting the conditional use permit to a Hannaford Brothers grocery store;

8) relying upon the economic report and testimony offered by Mr. Richard Heaps while rejecting the testimony of Dr. Nicholas Rockler;

9) relying upon testimony that the Vermont Agency of Transportation is making improvements to Route 7 but not imposing a condition in the permit that such improvements are required before completion of the project; and

10) relying on "unspecified implied conditions to meet the standards of the ordinance."

(Statement of Questions for Appeal by Appellants Leary et al., filed Aug. 23, 2010 (emphasis omitted)).

Applicant's Statement of Questions asks generally whether the project it proposed complies with all of the applicable criteria in the Ordinance, whether the DRB erred by not granting it a conditional use permit for the project as proposed, and whether the DRB's decision is supported by sufficient evidence. Applicant's brief is limited to arguing that the DRB erred by conditioning its approval on a reduction in the size and scale of its project and to responding to the issues raised by Group Appellants.

I.    **Standard of Review**

In an on-the-record appeal from a decision by a municipal panel, our role as the reviewing tribunal is similar to that of the Vermont Supreme Court when reviewing appeals from administrative bodies. That is, we do not take new evidence or complete our own determination of the facts. Instead, we uphold the municipal panel's findings of fact if they are supported by substantial evidence in the record and review the municipal panel's legal conclusions without deference unless such conclusions are within their area of expertise. See In

3

re Stowe Highlands Resort PUD to PRD Application, 2009 VT 76, ¶ 7, 186 Vt. 568. In examining whether there is substantial evidence in the record, we are not permitted to make our own assessment of the credibility of witness testimony or reweigh conflicting evidence in the record. See In re Appeal of Leikert, No. 2004-213, slip op. at 2 (Vt. Nov. 2004 term) (unpublished mem.); Devers-Scott v. Office of Professional Regulation, 2007 VT 4, ¶ 6, 181 Vt. 248. We are simply to inquire whether the record includes relevant evidence that a "reasonable person could accept . . . . as adequate" support. Devers-Scott, 2007 VT 4, ¶ 6 (quoting Braun v. Bd. of Dental Exam'rs, 167 Vt. 110, 114 (1997)).

We apply this standard while addressing each of the issues raised by Group Appellants and Applicant in their respective Statement of Questions addressing the DRB's decision.

## II. Conditional Use Review and Performance Standards

As indicated above in issue 2, Group Appellants argue that the DRB's decision is deficient because it does not include adequate findings of fact and conclusions of law specific to the requirements for conditional use approval found in the applicable provisions of 24 V.S.A., Chapter 117, and the Ordinance. Group Appellants also argue, as indicated in issue 1, that the decision is deficient because it does not meet the requirements established in the Municipal Administrative Procedures Act ("MAPA") for findings of fact and conclusions of law.

Turning first to the requirements for conditional use review, 24 V.S.A. § 4414(3)(A) explicitly gives municipalities the authority to adopt bylaws providing for conditional use review of designated uses. Municipalities that elect to provide for such review must require that the designated conditional uses meet five criteria:

> [T]he proposed conditional use shall not result in an undue adverse effect on any of the following:
> (i) The capacity of existing or planned community facilities.
> (ii) The character of the area affected, as defined by the purpose or purposes of the zoning district within which the project is located, and specifically stated policies and standard of the municipal plan.
> (iii) Traffic on road and highways in the vicinity.
> (iv) Bylaws and ordinances then in effect.
> (v) Utilization of renewable energy resources.

24 V.S.A. § 4414(3)(A). Municipalities are also explicitly authorized to adopt additional criteria, including the criteria applied in Act 250 review. Id. § 4414(3)(B), (C).

It is clear from the Ordinance that the Town has elected to adopt conditional use review, codifying its criteria for such review in § 1012. Section 1012 of the Ordinance includes the five

4

criteria from 24 V.S.A. § 4414(3)(A), employing the same language as the statute, and imposes a sixth criterion. This sixth criterion incorporates the criteria applied in Act 250 review "provided that the project is not subject to Act 250 review." Ordinance § 1012(b)(6). It appears from Applicant's briefs that its proposed project is subject to Act 250 review. Thus, in order to grant a conditional use permit to Applicant, the DRB had to determine that the project complies with the first five criteria from Ordinance § 1012, and any additional provisions in the Ordinance implicated by the fourth criterion.

Furthermore, a municipality that elects to make its land use determinations subject to on-the-record review must apply the procedural requirements established in MAPA. See 24 V.S.A. 4471(b). MAPA requires that final decisions of municipal panels "separately state findings of fact and conclusions of law." 24 V.S.A. § 1209(a). Additionally, the findings of fact must "explicitly and concisely restate the underlying facts that support the decision" and be "based exclusively on evidence" in the record. Id. § 1209(a), (b). The conclusions of law must be based on those findings. Id. § 1209(c). The purpose for the requirement that decisions afforded on-the-record review include findings of fact is largely to provide "a clear statement to the parties and the court in the event of an appeal on what was decided and how the decision was reached." In re Appeal of Leikert, No. 2004-213, slip op. at 1 (Vt. Nov. 2004 term) (unpublished mem.) (discussing, in detail, the important functions served by findings of fact). This Court has been cautioned against "fill[ing] in the gaps" left by deficient decisions. Id. at 2.

Therefore, the question before us is whether the DRB's decision provides findings of fact and conclusions of law that address the five conditional use criteria from Ordinance § 1012 and satisfy the applicable requirements established in MAPA.

Group Appellants assert that the DRB's decision includes neither findings of fact nor conclusions of law addressing any of the conditional use criteria, particularly the criteria concerning the character of the area, traffic, and compliance with other provisions in the Ordinance. Group Appellants assert that "there is no way to determine how or if the DRB determined that the conditional use criteria set by Ordinance § 1012 and by 24 V.S.A. § 4407 have been satisfied."[1] (Mem. of Law on the Merits by Appellants Leary et al. 35, filed Oct. 28, 2011.) Applicant responds that although the DRB's decision does not expressly identify which findings of fact correspond to each conditional use criteria, the DRB "left no doubt as to what it

---

[1] 24 V.S.A. § 4407 has been renumbered, and the correct reference is 24 V.S.A. §4414.

5

decided and how its decision was reached." (Response Br. of Brandon Plaza Assocs., LLC at 35, 37, filed Nov. 17, 2011.)

Unfortunately, the DRB's decision does leave the Court with doubt. The decision ultimately grants Applicant a conditional use permit, but it is unclear how the DRB determined that such a permit was warranted: the decision is wholly lacking in findings of fact and conclusions of law addressing four out of the five conditional use criteria that apply to Applicant's proposed project.

For instance, the decision does not cite or refer to the conditional use criterion codified in Ordinance § 1012(b)(1) that addresses a project's impact on existing community facilities. The decision lacks any finding of fact as to which community facilities may be impacted, if any. The decision does include findings of fact that the project will be served with "public sewer" and that the Town has "issued sewer capacity for the project." In re Application #5155, Findings and Decision, at 3 (Town of Brandon Dev. Review Bd. July 6, 2010). The decision also includes findings of fact that the project will be "connected to a public water supply" and that the Town Fire District No. 1 has stated that it has adequate capacity. Id. at 4. However, the decision does not relate these findings of fact to conditional use review nor provide a conclusion of law indicating whether the criterion codified in Ordinance § 1012(b)(1) is met. Instead, the decision relates these findings of fact to performance standards that the Ordinance requires all uses to meet, whether conditional or not. See Ordinance § 600.

The only conditional use criterion referenced in the DRB's decision is the criterion codified in Ordinance § 1012(b)(3) that addresses a project's impact on traffic. See In re Application #5155, Findings and Decision, at 5. Even for that criterion, nowhere in its decision does the DRB state whether it concluded that the criterion is met, and it appears that the DRB neglected to state in its decision some of its findings of fact addressing traffic.

In short, in order to uphold the DRB's decision on appeal we would need to assume that the DRB did reach a positive conclusion of law as to each conditional use criteria and speculate as to what existing findings of fact might relate to each of these absent conclusions. While Applicant urges the Court to actively reorganize and reinterpret the findings of fact that do exist in the DRB's decision, doing so would be going too far. Were we to do so, this Court would essentially be the tribunal making the required findings of fact and conclusions of law relating to conditional use approval, and that is precisely what we cannot do in an on-the-record appeal. See Leikert, No. 2004-213, slip op. at 2. When a municipality elects to make its land use

6

determinations subject to on-the-record review,[2] it is committing to meeting the procedural requirements in MAPA or risking the remand of its determinations and, consequently, the loss of some of its earlier efforts.

Consequently, we conclude that the DRB erred by failing to make adequate findings of fact and conclusions of law with respect to the first five conditional use criteria established in Ordinance § 1012. The DRB's decision must be **VACATED** and this matter must be **REMANDED** to the DRB to make separate findings of fact and conclusions of law addressing each of the conditional use criteria, and, if necessary, hold additional hearings to collect the evidence necessary for it to make such findings and conclusions.

As discussed above in issue 2, Group Appellants also argue that the DRB's decision is deficient in not making adequate findings of fact and conclusions of law regarding Ordinance § 207 and § 608. Alternatively, Group Appellants argue that there is not substantial evidence in the record to support the DRB's findings and conclusions regarding § 207 and § 608.

We turn first to Ordinance § 207. Section 207 describes "Commercial II Uses." It states that Commercial II Uses are those commercial and professional uses with the potential to impact the integrity of other districts, among other impacts.[3] Ordinance § 207. Group Appellants argue that the DRB must consider whether Applicant's proposed project impacts the "integrity of other districts" because § 207 is implicated through the conditional use criterion that requires compliance with other provisions in the Ordinance. See Ordinance § 1012(b)(4). While Group Appellants correctly understand the conditional use criteria, they misread § 207. Section 207 merely describes what "Commercial II Uses" are; it does not, by itself or in combination with Ordinance § 1012, regulate the impact of those uses on the "integrity of other districts." Consequently, we conclude that the DRB did not err by failing to include in its decisions findings of fact and conclusions of law addressing Ordinance § 207.

---

[2] The Court lacks the authority to conduct a de novo review of such a determination unless the municipality from which the determination originates has failed to take the steps described in 24 V.S.A. § 4471(b) necessary to afford its land use determinations on-the-record appellate review. See In re Grist Mill Horse Barn Redevelopment Plan (2nd Appeal), No. 89-5-09 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Aug. 5, 2010) (Durkin, J.) (explaining that the City of Vergennes had taken the necessary steps to make its land use determinations subject to on-the-record review and that the Court could not conduct a de novo review of its municipal panel's decision despite the risk that the decision would have to be remanded for a second time).

[3] The DRB's decision identifies Applicant's proposed project as a Commercial II use. Group Appellants have not challenged that determination.

7

We turn next to Ordinance § 608. Section 608 restricts the amount of noise that can be generated at property lines to 70 decibels during the day and 60 decibels at other times. Under Ordinance § 600, the DRB must determine that Applicant's proposed project meets the performance standard established in § 608 in order for Applicant to receive a conditional use permit.

The DRB's decision includes the statement that "[a]s conditioned upon the installation of the wooden fence, the project complies with Section 608." In re Application #5155, Findings and Decision, at 7. While this statement is included in the portion of the DRB's decision labeled "Findings," it is a separately-stated legal conclusion. Thus, we conclude that the DRB's decision does include an adequate conclusion of law addressing the proposed project's conformance with Ordinance § 608 that meets the requirement of 24 V.S.A. § 1209 (MAPA). We must next determine whether the DRB's decision also includes adequate findings of fact that support this conclusion of law and that are, in turn, supported by substantial evidence in the record.

The DRB made the following findings of fact in support of its legal conclusion that the proposed project complies with § 608: Applicant is proposing a wooden fence that will serve as a noise barrier, delivery trucks will be prohibited from idling, and "[t]here will be no noise which exceeds 70 decibels during daylight hours or 60 decibels at other times of the day at the property line." In re Application #5155, Findings and Decision, at 7. While these statements do not provide the level of detail we want municipal panels to strive for when making findings of fact, the statements are separately-stated findings that "explicitly and concisely restate the underlying facts that support the decision." 24 V.S.A. § 1209(a), (b). Thus, we conclude that the DRB's decision does include adequate findings of fact addressing Ordinance § 608 that meet the requirements of 24 V.S.A. § 1209 (MAPA). We further conclude that, if these findings are supported by substantial evidence in the record, they support the DRB's legal conclusion that the proposed project complies with § 608.

We therefore look to the record to determine whether it includes substantial evidence supporting the DRB's findings. We conclude that it does. The record includes a noise evaluation performed by Vanasse Hangen Brustlin, Inc. and expert testimony from their Director of Air Quality and Noise Services who oversaw the modeling for the evaluation. (See Exhibits 57 and 72.) The testimony describes how ten receptor locations were selected for noise modeling, discusses the accuracy of the model employed, and concludes that the noise that will be generated from Applicant's proposed project will be within the decibel limits established by

8

Ordinance § 608. Group Appellants argue that the evaluation is deficient mainly because it does not model noise generation from snow-removal trucks or select a particular location to model along Applicant's eastern property line. Group Appellants raised these concerns in their cross-examination of Applicant's expert. However, they offered no expert witness of their own.

A reasonable person could determine that the evidence in the record adequately supports the DRB's findings of fact regarding Ordinance § 608. See Devers-Scott v. Office of Professional Regulation, 2007 VT 4, ¶ 6, 181 Vt. 248. Therefore, we conclude that there is substantial evidence in the record to support the DRB's findings of fact related to the requirements of Ordinance § 608 and that these findings support the DRB's legal conclusion that the proposed project complies with § 608. The DRB did not err in determining that Applicant's proposed project complies with § 608.

### III. District-Specific Land Use Regulations

As summarized above in issue 3, Group Appellants pose the same challenge to the DRB's decision concerning its determinations regarding Ordinance § 103, § 302, and § 303 as they do for its determination regarding the conditional use criteria. That is, Group Appellants principally assert that the DRB's decision is deficient because it does not include adequate findings of fact and conclusions of law addressing these sections of the Ordinance.

Section 103 of the Ordinance speaks to how the Ordinance is to be interpreted and applied by the DRB and other decision makers. It states that the interpretation and application of the Ordinance should both take into account the rules of construction established by the Vermont Supreme Court and conform with Ordinance § 102, which establishes the stated purpose for the Ordinance. See Ordinance § 103. The DRB should be guided by Ordinance § 102 and § 103 when interpreting and applying the specific provisions of the Ordinance that must be met before an application for a conditional use permit can be approved. The DRB's decision, however, need not include findings of fact and conclusions of law regarding compliance with these sections. Thus, we conclude that the DRB did not err by failing to include in its decision findings of fact and conclusions of law specific to Ordinance § 103.

Turning to Ordinance § 302 and § 303, each establishes the land use regulations specific to one of the Town's zoning districts, which the Ordinance refers to as land use districts. See Ordinance § 300. Section 302 establishes the regulations specific to the Central Business District and § 303 establishes the regulations specific to the High Density Multi-Use District.

Only § 303 is applicable to Applicant's proposed project. The DRB's decision indicates that Applicant's subject property is almost entirely within the High Density Multi-Use District and neither the DRB nor any party, including Group Appellants, asserts that any portion is zoned as Central Business District. Group Appellants instead argue that § 302 is implicated by the reference to impacts on other districts in Ordinance § 207. As explained above, Ordinance § 207 defines Commercial II uses, the type of use Applicant is proposing; it does not provide regulatory language that makes Ordinance § 302 applicable to Applicant's proposed project. Consequently, we conclude that the DRB did not err by failing to include in its decision findings of fact and conclusions of law addressing Ordinance § 302.

Group Appellants are correct, however, that the DRB's decision <u>did</u> need to include findings of fact and conclusions of law specific to the land use regulations established in Ordinance § 303. Section 303 indicates that Commercial II Uses are conditional uses in the High Density Multi-Use District, describes the purpose of the district, and sets restrictions for development in the district, such as the maximum building height and minimum lot size. As is the case systemically throughout the DRB's decision, the findings of fact and conclusions of law that do exist regarding compliance with the land use regulations in § 303 are grouped together in a section labeled "Findings." This exacerbates the problem Group Appellants correctly identify: that the findings of fact and conclusions of law addressing compliance with § 303 are not adequate to meet the requirements of 24 V.S.A. § 1209 (MAPA). Although each requirement in § 303 is referenced and addressed in the decision, for most of these requirements the decision only includes one or the other—a factual finding or a legal conclusion—but not both. Both are necessary under MAPA. See 24 V.S.A. § 1209(a).

Because we are remanding this matter to the DRB, and because it appears that the DRB neglected to state in its decision some of the findings of fact and mathematical calculations it completed when applying the requirements of Ordinance § 303, it would be inefficient to, at this juncture, attempt an examination of the record for substantial evidence in support of the findings that are present in the DRB's decision. On remand, the DRB should make separate findings of fact and conclusions of law addressing each of the land use regulations established in Ordinance § 303, and, if necessary, hold additional hearings to collect the evidence necessary for it to make such findings and conclusions.

It is also important to note, as Group Appellants point out, that § 303 is also implicated by the conditional use criterion that addresses a project's impact on the character of the area.

10

See Ordinance § 1012(b)(2). The "character of the area" is defined in part by the purpose of the zoning district in which the project is located, and no one disputes that the relevant purpose here is that which is established in § 303(a) for the High Density Multi-Use District. See id.; 24 V.S.A. § 4414(3)(A). Thus, on remand, the DRB should also make adequate findings of fact and conclusions of law addressing § 303(a) in the context of this conditional use criterion.

IV.     **Approval of a Smaller, Scaled-Down Project**

Both Group Appellants, as indicated above in issues 4 and 5, and Applicant maintain that the DRB erred in granting Applicant a conditional use permit for a smaller, scaled-down commercial retail development from that which Applicant proposed. Group Appellants assert that the DRB erred by approving a "different version" of the project from what Applicant proposed and by approving the scaled-down version without evidence of the traffic impacts from the reduced version. (Statement of Questions for Appeal by Appellants Leary et al. 1, filed Aug. 23, 2010). Applicant asserts that the DRB erred by conditioning its approval on a reduction in the size and scale of the project and asks the Court to issue a decision approving its project as proposed, without such conditions attached.

The DRB's decision is most accurately characterized as granting a conditional use permit to Applicant to construct the commercial retail development it proposed, subject to the following conditions, among others: elimination of the proposed in-line small stores and out-building, reduction in the proposed parking lot to 150 spaces, and elimination of the proposed Nickerson Road access point. It is not clear, however, what findings of fact and conclusions of law the DRB reached that lead it to first, require these reductions in the size and scale of the project, and second, to approve the project subject to these reductions. The statement that appears to be the crux of the DRB's reasoning for imposing these conditions is that "[t]he [DRB] finds the size and scope of the proposed project to be too large." In re Application #5155, Findings and Decision, at 2. This statement is neither a factual finding nor a legal conclusion that we can review.

Without separately-stated findings of fact and conclusions of law that provide a transparent recitation of the reasons the DRB included such conditions in its grant of a conditional use permit to Applicant, we cannot determine whether the DRB erred in imposing such conditions. On remand, if the DRB ultimately decides to grant Applicant a conditional use permit subject to conditions reducing the size and scale of the project, the DRB must include in its decision findings of fact and conclusions of law that support such conditions.

11

Additionally, because this is an on-the-record appeal and in light of the content of the decision before us, we cannot simply, as Applicant requests, issue a decision approving Applicant's project as proposed without such conditions. As discussed in the sections above, we must remand the DRB's decision for further findings of fact and conclusions of law addressing the standards in the Ordinance that Applicant's proposed project must meet in order to receive a conditional use permit. In order to issue a decision approving Applicant's project as proposed in this circumstance, we would need to engage in a de novo review — we would need to look at Applicant's application anew and make our own findings of fact and conclusions of law addressing each of the standards that must be met. We cannot do this. See In re Appeal of Leikert, No. 2004-213, slip op. at 2 (Vt. Nov. 2004 term) (unpublished mem.). Our review in this on-the-record appeal is limited to upholding the DRB's findings of fact if they are supported by substantial evidence in the record and determining whether the DRB's legal conclusions are supported by those findings. See In re Stowe Highlands Resort PUD to PRD Application, 2009 VT 76, ¶ 7, 186 Vt. 568.

## V.   Evidentiary Concerns

As summarized above in issues 6, 7, 8, and 9, Group Appellants also raise a number of evidentiary concerns with the DRB's decision. They argue that the DRB erred by reaching a decision in reliance upon hearsay addressing grocery store operations, on evidence about the operation of only Hannaford Brothers grocery stores, on the economic report and testimony of Mr. Richard Heaps, and on representations about planned street improvements by the Vermont Agency of Transportation. Group Appellants also argue, as indicated in issue 1 above, that the DRB failed to comply with some of the procedural requirements established in MAPA (24 V.S.A. § 1204 and § 1206) which apply to municipal land use determinations that will be afforded on-the-record review.

Group Appellants are correct that a municipality that elects to make its land use determinations subject to on-the-record review must apply the procedural requirements established in MAPA, including the notice and hearing rules established in 24 V.S.A. § 1204 and the evidentiary rules established in 24 V.S.A. § 1206. See 24 V.S.A. 4471(b). Section 1206 requires such municipalities to follow the Vermont Rules of Evidence when addressing land use proposals. See 24 V.S.A. § 1206(b) ("The rules of evidence as applied in civil cases in the superior courts of this state shall be followed."). Except for a limited number of exceptions, the Vermont Rules of Evidence prohibit the admission of testimony that is hearsay, or a statement

12

offered by a witness "to prove the truth of the matter asserted" that is not made by the witness at trial (i.e., that is an out-of-court statement). V.R.E. 801, 802. Hearsay can come in the form of a written document used by a witness to assert the truth of what the document states.[4] See Towle v. St. Albans Publishing Co., 122 Vt. 134, 138–39 (1960) (holding that the trial court had erred by allowing into evidence a letter written by a non-testifying individual where the letter was submitted to prove the truth of its assertions and the letter did not fall within any of the exceptions allowing hearsay to be admitted); Green v. Peacock, No. 2008-232, slip op. at 3 (Vt. Nov. term 2008) (unpublished mem.).

MAPA gives a municipal panel the discretion to admit evidence not admissible under the Vermont Rules of Evidence during a proceeding regarding a land use determination if the evidence is the "type commonly relied upon by reasonably prudent people in the conduct of their affairs" and if its admission is "necessary to ascertain facts not reasonably susceptible of proof under" the Vermont Rules of Evidence. 24 V.S.A. § 1206(b); see also 3 V.S.A. § 810(1) (incorporating the same relaxed standard for the admission of evidence in the context of hearings held by state administrative bodies); In re Petition of Central Vt. Public Service Corp., 141 Vt. 284, 292–93 (1982) (noting that 3 V.S.A. § 810(1) incorporates a discretionary standard that allows for the admission of more evidence than is normally admissible in court hearings).

One of Group Appellants' arguments is that the DRB erred by relying upon "hearsay information from non-testifying employees of Hannaford Brothers" about grocery store operations and refusing to issue an order requiring the employees to testify. (Statement of Questions for Appeal by Appellants Leary et al., filed Aug. 23, 2010 (emphasis omitted).) Specifically, Group Appellants argue that two of Applicant's employees, Bill McCabe and Richard Heaps, testified about information regarding grocery store operations that Hannaford Brothers' employees had conveyed to them. Group Appellants also argue that Applicant offered into evidence a letter written by Bill McCabe that was based on this same information.

Based on the record before us, it does appear that the testimony and letter to which Group Appellants object did include hearsay as they both referenced out-of-court statements made by non-testifying Hannaford Brothers' employees and referenced the statements to prove the truth of the statements' content. (See Exhibits 55, 71, 72, and 73.) If this evidence meets one

---

[4] Hearsay includes documents not authored by the witness as well as documents the witness did author. The latter documents may be admissible under the "recorded recollection" exception found in V.R.E. 803(5) that allows the admission of documents "concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable him to testify fully and accurately."

of the exceptions to hearsay referenced in V.R.E. 802, or the discretionary evidentiary standard that applies in the DRB's proceeding under 24 V.S.A. § 1206(b), then it was admissible. The Court, however, does not make a determination as to whether the evidence was admissible because it is largely unclear, from the decision and record before us, whether the DRB relied upon this particular evidence, and, if it did, whether the DRB applied an exception or its discretion in admitting the evidence. As we must remand this matter for the DRB to make further findings of fact and conclusions of law, and to possibly hold additional hearings, the DRB will have an opportunity to consider the merit of Group Appellants' concern regarding inadmissible hearsay.

Two of the other evidentiary arguments that Group Appellants make are that the DRB erred by relying upon evidence about the operation of Hannaford Brothers grocery stores (but not restricting the conditional use permit it issued to Applicant to a Hannaford Brothers grocery store), and by relying upon the economic report and testimony offered by Mr. Richard Heaps while rejecting the testimony of Dr. Nicholas Rockler. In response to these two arguments, we remind Group Appellants that our review of evidence in this on-the-record appeal is limited to determining whether there is substantial evidence in the record to support the DRB's findings of fact. See Stowe Highlands Resort PUD to PRD Application, 2009 VT 76, ¶ 7. We are not permitted to make our own assessment of the credibility of witness testimony or reweigh conflicting evidence in the record. See Appeal of Leikert, No. 2004-213, slip op. at 2; Devers-Scott v. Office of Professional Regulation, 2007 VT 4, ¶ 6, 181 Vt. 248. It is unclear the extent to which Group Appellants' two arguments here simply ask us to reweigh the evidence presented to the DRB or whether they do raise a specific challenge as to whether there is evidence in the record supporting particular findings of fact. Because we must remand this matter for the DRB to make further findings of fact, the DRB will have an opportunity to consider the merit of these two arguments.

The final evidentiary argument raised by Group Appellants is that the DRB erred by relying upon testimony that the Vermont Agency of Transportation is making improvements to Route 7 but not imposing a condition in Applicant's conditional use permit that such improvements are required before completion of the project. It is unclear, from the decision before us, whether the DRB relied upon this particular evidence. As we must remand this matter for the DRB to make further findings of fact and conclusions of law, and to possibly hold

additional hearings, the DRB will have the opportunity to consider the merit of this evidentiary challenge as well.

## VI.    Implied Conditions

Finally, as indicated above in issue 10, Group Appellants argue that the DRB's decision relies on "unspecified implied conditions to meet the standards of the ordinance." (Statement of Questions for Appeal by Appellants Leary et al. 7, filed Aug. 23, 2010). Group Appellants, however, appear to misunderstand the law that requires conditions in municipal land use permits to be explicit.

To be enforceable, conditions included in a municipal land use permit must be explicit and clear; they must give the landowner notice of the limitations included in a permit approval. See In re Kostenblatt, 161 Vt. 292, 298–99 (1994) ("Conditions that are not stated on the permit may not be imposed on the permittee."). Group Appellants argue that because of the lack of adequate findings of fact and conclusions of law in the DRB's decision, the "reader of the decision cannot tell the extent to which the DRB relied on . . . implied conditions." (Mem. of Law on the Merits by Appellants Leary et al. 42, filed Oct. 29, 2011.) While the guidance provided by Kostenblatt, and the cases following it, are important for municipal panels to note when issuing land use permits, no party here is attempting to enforce an implied condition in an existing permit held by Applicant.

As indicated above, we are remanding this matter to the DRB to make further findings of fact and conclusions of law. This may resolve what appears to be at the core of Group Appellants' concern about "unspecified implied conditions": that it is unclear from the DRB's decision if and how the DRB determined that Applicant's project, subject to conditions or not, conforms with the standards in the Ordinance that it must meet in order to receive a conditional use permit.

## Conclusion

For the reasons detailed above, we conclude that the DRB's decision granting Applicant a conditional use permit for the construction of a commercial retail development lacks separately-stated findings of fact and conclusions of law adequate to meet the requirements of 24 V.S.A. § 1209, or MAPA. Specifically, the decision fails to provide adequate findings of fact and conclusions of law addressing the five conditional use criteria established in Ordinance § 1012 that apply to Applicant's proposed project. It also fails to provide adequate findings and

15

conclusions addressing each of the land use regulations established in Ordinance § 303 for development in the High Density Multi-Use District. These deficiencies within the written decision also prevent the Court from determining whether the conditions imposed by the DRB that require a reduction in the size and scale of Applicant's project are factually and legally supported.

In response to the remainder of the concerns raised by Group Appellants, we conclude the following: 1) the DRB's decision does include adequate findings of fact and conclusions of law addressing Ordinance § 608, the findings are supported by substantial evidence in the record, and the findings support the DRB's legal conclusion that Applicant's proposed project complies with § 608; 2) the DRB's decision does not need to include findings of fact and conclusions of law addressing Ordinance §§ 103, 207, 302; and 3) remand of this matter may address Group Appellants' concern that the decision includes "unspecified implied conditions." We leave the DRB to consider the merit of the evidentiary concerns raised by Group Appellants.

Consequently, we **AFFIRM** in part and **VACATE** in part the DRB's decision on appeal and **REMAND** the matter to the DRB to make separate findings of fact and conclusions of law consistent with this Decision that will allow it to determine whether Applicant should be granted a conditional use permit under the standards established by the Ordinance. The DRB may hold additional hearings, if necessary, to collect the evidence it needs to make such findings and conclusions.

Done at Berlin, Vermont this 26th day of March, 2012.

Thomas G. Walsh,
Environmental Judge