VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.    23-AP-317

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

NOVEMBER TERM,   2024

State of Vermont v. Travis Smith*

}  APPEALED FROM:
}
}  Superior Court, Windham Unit,
}  Criminal Division
}  CASE NO. 21-CR-05770
Trial Judge: Katherine A. Hayes

In the above-entitled cause, the Clerk will enter:

Following a jury trial, defendant was convicted of lewd and lascivious conduct.  On appeal, he argues that his punishment violates the Vermont and U.S. Constitutions because it is impermissibly disproportionate, and that some probation conditions were not sufficiently connected to his conviction or rehabilitation.  We affirm.

In July 2021, the State charged defendant with felony lewd and lascivious conduct (L&L) in violation of 13 V.S.A. § 2601.  The following facts were presented at trial.  The complainant was an eighteen-year-old friend of defendant's then-girlfriend and came to spend the night at their house.  At the time, defendant was forty-nine.  The two girls fell asleep on the couch and the girlfriend woke up to see defendant's hand inside the complainant's shirt and bra.  Although the girlfriend was shocked, she was unsure what to do and went to bed.  The friend awoke around 4 or 5 a.m. and defendant was standing over her masturbating with his hand down her pants under her underwear.  She pretended to be asleep until defendant walked away ten minutes later.  The complainant then went into an empty bedroom and tried to contact friends.  She was very upset and over the next few days discussed with two friends the events and eventually told the girlfriend what happened.  The girlfriend confronted defendant, and he initially denied the alleged acts.  Defendant later admitted his actions and sent the complainant an apology.  The court instructed the jury on both felony L&L in violation of § 2601 and the misdemeanor of "open and gross lewdness" under § 2601a.  The jury found defendant guilty of felony L&L.  Following a presentence investigation (PSI) and psychosexual evaluation, the court held a sentencing hearing.  The court imposed a sentence of two-to-four years, all suspended except for ninety days.  The court imposed the probation conditions requested by the State.  This appeal followed.

On appeal, defendant argues for the first time that the punishment for felony L&L is unconstitutionally disproportionate to the offense and therefore violates the Vermont and U.S. Constitutions.  According to defendant, the felony L&L statute prohibits the same conduct as the misdemeanor for open and gross lewdness and the Legislature could not impose a harsher

penalty for the felony conviction consistent with the Eighth Amendment and Chapter II, § 39 and Chapter I, Article 18 of the Vermont Constitution. Defendant acknowledges that § 2601 criminalizes "open and gross lewdness and lascivious behavior" while § 2601a criminalizes "open and gross lewdness," but he argues that the inclusion of "lascivious behavior" in the felony statute is vague and does not allow for a meaningful proportionality analysis. Defendant admits that this argument was not made to the trial court.

Because this argument was not raised below, we review for plain error. V.R.Cr.P. 52(b). "This Court will find plain error only in the rare and extraordinary case where the error is obvious and so grave and serious that it strikes at the very heart of a defendant's constitutional rights or adversely affects the fair administration of justice." State v. Davis, 157 Vt. 506, 510 (1991). Here, defendant fails to demonstrate that the error raised on appeal was "obvious." Defendant's argument regarding the scope of conduct prohibited by § 2601 and § 2601a is a novel constitutional challenge. Although defendant asserts that the two statutes prohibit the same conduct, the provisions contain different language and so any similarity is not obvious. This Court has held that "errors in unsettled areas of law are not obvious, and therefore not plain." State v. Provost, 2014 VT 86A, ¶ 14, 199 Vt. 568 (citing cases); see also State v. Gilbert, 2009 VT 7, ¶ 7, 185 Vt. 602 (mem.) (concluding error not plain where Court had not yet decided issue raised by defendant for first time on appeal, and thus "defendant [could not] show that any error of law the trial court may have made was obvious"). Because defendant's appellate argument raises a novel constitutional challenge that is not an obvious error, it does not amount to plain error.

Defendant also argues that several of his probation conditions should be stricken as insufficiently linked to the facts of his case. Prior to sentencing, based on the PSI and a psychosexual evaluation, the State requested several probation conditions by checking boxes on a Department of Corrections form. Defendant objected to some conditions in the PSI: forbidding female passengers from riding in his vehicle, monitoring computer use, and imposing a curfew. Defendant also objected to two conditions requiring him to participate in sex-offender treatment and execute releases, and instead requested individual counseling.

Both defendant's former girlfriend and the complainant testified at sentencing regarding the harm caused by defendant's conduct. Defendant's probation officer testified about the importance of the conditions requested by the State. The probation officer explained the need for treatment to mitigate the risk of future offenses, particularly group counseling, and how individual counseling did not meet that goal. At the hearing, defendant made no further objection to the conditions identified in the presentencing memo. Instead, he requested that the court impose individual counseling, and "any other condition of probation that you, based on your wisdom and experience, believe is prudent." In issuing its decision, the court explained that it was taking into account "the nature and circumstances of the crime, the history of character of the defendant, the need for treatment, and the risk he poses to himself, to others, and the community." The court indicated that it would impose the conditions requested by the State. As to defendant's opposition to the sex-offender treatment, the court explained that individual counseling was not appropriate, and that defendant would benefit from the group counseling provided and monitored by the Department of Corrections.

On appeal, defendant generally argues that the trial court failed to explain how some of the imposed conditions are supported by the record. He claims that the following conditions are unsupported: requiring that he abide by travel restrictions; precluding him from having female

passengers without approval; prohibiting overnight female guests without approval; prohibiting possession of pornography; imposing a curfew; and imposing electronic monitoring.

Probation conditions "must be reasonably related to the crime for which an offender was convicted." State v. Lumumba, 2018 VT 40, ¶ 20, 207 Vt. 254 (quotation omitted); see 28 V.S.A. § 252(a) (allowing imposition of probation conditions "reasonably necessary to ensure" that defendant "will lead a law-abiding life"). The court can impose conditions prohibiting otherwise legal behavior if they are "reasonably related to the offender's rehabilitation or necessary to reduce risk to public safety." 28 V.S.A. § 252(b)(18). This Court reviews probation conditions for abuse of discretion. State v. Moses, 159 Vt. 294, 297 (1992). "The burden of proof is on the party alleging abuse, and that party must show that the court failed to exercise its discretion or did so for reasons clearly untenable or to an extent clearly unreasonable." State v. Putnam, 2015 VT 113, ¶ 44, 200 Vt. 257 (quotation omitted). The trial court is not required to make particularized findings regarding each condition and instead this Court looks to "whether the record supports the court's exercise of discretion." Id. ¶ 45. Where defendant did not object to imposition of a condition below, we review for plain error. Id. ¶ 69.

Although defendant objected to some conditions beforehand, at sentencing, defendant only challenged the conditions pertaining to treatment for sex offenders, which he does not challenge on appeal. Therefore, the arguments raised on appeal all are reviewed for plain error. Id. As explained in more detail below, we conclude that the conditions imposed do not amount to plain error.

First, defendant argues that the condition requiring him to abide by restrictions regarding associates and travel is invalid because defendant did not present a risk of flight or previously engage in improper travel. The probation officer explained that a travel permit is required so the probation officer knows if the probationer has left the state and it also assists in ensuring proper sex-offender registration. Given the connection between the conditions and defendant's supervision to achieve rehabilitation, the condition did not amount to plain error.

Second, defendant claims that there was no basis to prohibit him from allowing female passengers to ride in his vehicle without permission because his offense did not involve vehicles. He similarly challenges a condition prohibiting female overnight guests without prior approval. These conditions do not amount to plain error given that defendant's offense was against a young female in a confined, isolated space and these conditions relate to limiting these situations to reduce future risks to public safety.

Third, defendant challenges the condition prohibiting him from purchasing, possessing or using pornography or erotica or going to associated places without advance permission. Defendant claims that his offense did not involve this kind of material or locations and therefore this condition is not supported and infringes on conduct protected by the First Amendment. Imposing this condition did not amount to plain error in that defendant committed a sexual offense and this relates to his rehabilitation. At sentencing, defendant's probation officer explained that this material can act as a stimulus and is therefore prohibited until the probation officer can get to know a probationer better. To the extent defendant claims the condition is overbroad and impinges on his constitutional rights, we lack a sufficient evidentiary record to adequately balance the rights at issue given defendant's failure to raise the issue below. See State v. Nash, 2019 VT 73, ¶ 15, 211 Vt. 160 (explaining that in some cases "plain-error review is not feasible because the factual record is not adequately developed").

3

Finally, defendant asserts that the record does not support the need for the curfew and electronic-monitoring conditions. Defendant asserts that these restrictions are overbroad and an invasion of his privacy. The probation officer testified that they were useful tools for a probation officer to monitor the probationer, to check in with the probationer at home, and to ensure compliance with other restrictions. These conditions were adequately linked to managing the risk defendant poses to the public and ensuring his rehabilitation to survive plain-error review. See Lumumba, 2018 VT 40, ¶ 20 (explaining that plain error occurs in "rare and extraordinary cases" (quotation omitted)).

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Karen R. Carroll, Associate Justice

_____
William D. Cohen, Associate Justice